# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 8:22-cr-347-CEH-JSS

EDWARD VERDI-BRUNO
_____

## O R D E R

This matter comes before the Court upon several motions filed by Defendant Edward Verdi-Bruno, proceeding *pro se*.

Verdi-Bruno was sentenced to 262 months of imprisonment on June 29, 2023, following his guilty plea to conspiracy to possess with intent to distribute fentanyl and related charges. Doc. 248. His sentence was affirmed on direct appeal. Docs. 497, 534. He is currently serving his term of incarceration at F.C.I. Coleman.

Verdi-Bruno seeks various forms of relief in a series of *pro se* motions. He requests, *inter alia*, modification of his sentence and vacatur of the judgment (Docs. 514, 535, 539, 541, 547), a sentence reduction under Amendment 821 of the Sentencing Guidelines (Doc. 337), and compassionate release (Doc. 465).

Upon review and consideration, and being fully advised in the premises, the Court finds that all the motions are due to be denied.

I. **<u>Motions to Correct Clerical Mistake and to Set Aside Judgment, *et al.*</u>** **(Docs. 514, 535, 539, 541, 547)**

Several of Verdi-Bruno's motions are interrelated and will be addressed together.

First, in his Motion to Correct Clerical Mistake or Oversight (Doc. 514), Verdi-Bruno moves pursuant to Federal Rule of Civil Procedure 60(a) to amend his Pre-Sentence Investigation Report ("PSR"), to correct what he alleges are clerical mistakes or oversights by the Office of Probation. No response has been filed. Therefore, in two identical Motions to Compel (Docs. 535, 539), he asks the Court to compel the Office of Probation to file a response to his motion.

Verdi-Bruno has also filed a Motion to Set Aside Judgment for Fraud on the Court (Doc. 541). Citing Fed. R. Civ. P. 60(b)(3), he asserts that his defense attorney forged his signature on a form consenting to the jurisdiction of the magistrate court at the time of his guilty plea. No response has been filed.

Most recently, Verdi-Bruno has filed a Motion to Expedite Judgment (Doc. 547), in which he argues that the Motion to Correct Clerical Mistake and Motion to Set Aside Judgment are ripe for review because the opposing party has waived a response, and asks the Court to take prompt action on them. Because the Court is adjudicating these motions in the instant Order, the motion to expedite is now moot.

The two substantive motions on which Verdi-Bruno seeks an expedited ruling are based on different subsections of Federal Rule of Civil Procedure 60. *See* Docs. 514, 541. However, because this is a criminal action, the Federal Rules of Civil

Procedure do not apply. Fed. R. Civ. P. 60 is therefore not a permissible vehicle for the relief Verdi-Bruno seeks in either motion.

Considering Verdi-Bruno's *pro se* status, however, the Court will review the substance of each motion to determine whether it is cognizable under a different framework. *See U.S. v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) ("Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework.").

### A. Motion to Correct Clerical Mistake (Doc. 514)

The Motion to Correct Clerical Mistake argues that the Office of Probation made two errors in his PSR that Verdi-Bruno characterizes as clerical mistakes or oversights. Federal Rule of Criminal Procedure 36 permits the Court to, "at any time[,] correct a clerical error in a judgment, order, or other error in the record arising from oversight or omission." Fed. R. Crim. P. 36. However, Rule 36 may not be used "to make a substantive alteration to a criminal sentence." *United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003) (superseded by rule on other grounds as stated in *United States v. Cano*, 558 F. App'x 936, 940 (11th Cir. 2014)).

Here, correction of the alleged errors that Verdi-Bruno points to would result in substantive alterations to his sentence. He first argues that the two-level enhancement he received for the "importation" of a controlled substance under U.S.S.G. § 2D1.1(b)(16)(C) was erroneous, because he was involved in transporting drugs between Puerto Rico and Florida, and "importation" requires an international border. Doc. 514 at 1. If he is correct, the Guidelines range for his offense may be lower than

3

the range the Court considered at sentencing. Second, Verdi-Bruno asserts that the PSR incorrectly reported a prior arrest as an "adjudicated case," resulting in one criminal history point when he should have had zero. *Id.* at 1-2. If he is correct, then he could be eligible for a retroactive sentence reduction under Amendment 821 of the Sentencing Guidelines.[1] Either outcome would certainly be considered a "substantive alteration" rather than correction of a clerical error. Such an alteration cannot be made under Rule 36.

In addition, Fed. R. Crim. P. 35(a) permits the Court to correct "a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing. Even assuming, without deciding, that Verdi-Bruno's arguments fall within those categories, the deadline for such a correction has long since passed. Accordingly, the Federal Rules of Criminal Procedure cannot offer Verdi-Bruno the relief he seeks.

The Court's ability to modify a sentence once it is imposed is limited. *See* 18 U.S.C. § 3582(c). A defendant who fails to object to a Guidelines calculation at sentencing or on direct appeal ordinarily waives the right to do so. *See United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir. 1990) ("where the district court has offered the opportunity to object and a party is silent or fails to state the grounds for objection, objections to the sentence will be waived for purposes of appeal") (overruled on other grounds by *United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993); *see also, e.g.*, *United*

---

[1] *But see* Section II, *infra*.

*States v. Flores*, 562 F. App'x 794, 797 (11th Cir. 2014) (considering the merits of an objection on direct appeal even where it was not raised at sentencing). Here, although Verdi-Bruno made several objections to the PSR's Guidelines calculations at sentencing and in his direct appeal, *see* Docs. 305, 497, he did not raise the challenges he identified in the instant motion. On the contrary, he informed the Court he did not wish to make any objections to the Guidelines calculation in the PSR other than the objections his attorney had raised. *See* Doc. 305 at 6-7.[2]

Verdi-Bruno's Motion to Correct Clerical Mistake is therefore due to be denied for lack of jurisdiction, and his motions to compel the Office of Probation to respond are due to be denied.

### B. Motion to Set Aside Judgment (Doc. 541)

In this motion, Verdi-Bruno alleges that his attorney forged his signature on a form that indicated he consented to the magistrate judge conducting a change of plea proceeding; as a result, he argues this Court lacked jurisdiction to impose the judgment and sentence. Doc. 541.

This motion amounts to a collateral attack on his conviction and sentence that is only available under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of [a federal court] claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

---

[2] To the extent Verdi-Bruno seeks to argue that his trial and appellate counsel was ineffective because he failed to raise these objections, such a claim is cognizable in a petition for habeas review under 28 U.S.C. § 2255. *See, e.g.*, *Hyppolite v. United States*, No. 2:16-cv-300, 2019 WL 4779459, *6 (M.D. Fla. Sept. 30, 2019); *but see* Section I(B), *infra*.

5

United States…or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

However, Verdi-Bruno has already filed a petition under § 2255. "Only a single § 2255 motion is authorized and successive attempts at relief are limited." *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014); *see also* 28 U.S.C. §§ 2255(h), 2255(b)(3). Verdi-Bruno's petition under § 2255 is pending in civil action 8:24-cv-2441-CEH-LSG. It has not yet been decided. To the extent he seeks to raise this issue or any other issues that are cognizable under § 2255, he may file a motion that seeks leave to amend his § 2255 petition in the civil action. Any such motion for leave to amend must be filed in the civil action within 30 days of this Order.

The Motion to Set Aside Judgment is therefore due to be denied, without prejudice to Verdi-Bruno raising the issue in a § 2255 petition in the event he receives authorization to do so.

## II. Amendment 821 Motion (Doc. 337)

Next, Verdi-Bruno moves for a retroactive sentence reduction under Amendment 821 of the Sentencing Guidelines, which became effective on November 1, 2023. Amendment 821 has retroactive application to individuals who were already sentenced before its effective date. U.S.S.G. § 1B1.10(d). Part A of Amendment 821 limits the impact of "status points," which are additional criminal history points given to defendants who committed the instant offense while under a criminal justice sentence. *See id.* § 4A1.1. Part B of Amendment 821 added a new Guidelines section, U.S.S.G. § 4C1.1, which provides for a decrease in a defendant's offense level if the

6

defendant satisfies ten criteria. *See* U.S.S.G. § 4C1.1(a). As relevant here, one of the eligibility criteria is that the defendant was not assessed any criminal history points. *Id.* § 4C1.1(a)(1).

Initially, the Court deferred ruling on Verdi-Bruno's Amendment 821 motion pending receipt of an eligibility memorandum from the Office of Probation, pursuant to a procedure set forth in an Administrative Order issued by then-Chief Judge Timothy Corrigan. *See* Doc. 338. Under this procedure, upon receipt of the Office of Probation's eligibility memorandum, the Court appoints the Office of the Federal Defender to the action for the limited purpose of filing a notice or motion regarding the sentenced individual's eligibility for resentencing. The Office of Probation submitted a memorandum for Verdi-Bruno on July 9, 2024. Doc. 499. Accordingly, the Court appointed the Office of the Federal Defender to represent him in his Amendment 821 proceedings. Docs. 500, 528. However, Verdi-Bruno filed a motion requesting to proceed without the assistance of counsel. Doc. 512. The Court granted the motion and counsel withdrew. Docs. 513, 529, 530. The Court now considers the merits of Verdi-Bruno's *pro se* motion without the input of defense counsel.

The memorandum from the Office of Probation indicates that Verdi-Bruno is ineligible for a reduction under Part A or B of Amendment 821 because he was assessed one or more criminal history points and was not assessed any status points. Doc. 499 at 2. As Verdi-Bruno acknowledges in a subsequent motion, *see* Section I(A), *supra*, his PSR assessed one criminal history point because of a 2015 arrest in

Hillsborough County. Doc. 234 at 14. The PSR did not assess any status points. *See id.*

Verdi-Bruno's *pro se* Amendment 821 motion contends that he meets the requirements for a reduction, but it does not address the subject of criminal history points. Doc. 337 at 2. In his Motion to Correct Clerical Error, he argues that the Office of Probation erred in assessing a criminal history point for an arrest for which adjudication was withheld. Doc. 514 at 1-2.

The Sentencing Guidelines direct the assessment of one criminal history point for any "prior sentence" that is not a sentence of imprisonment of 60 days or more. U.S.S.G. § 4A1.1(c). A "'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere," as well as "a conviction for which the imposition or execution of sentence was totally suspended or stayed[.]" *Id.* §§ 4A1.2(a)(1), (3). A "diversionary disposition" is treated as follows:

> Diversion from the judicial process without a finding of guilty (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered[.]

*Id.* § 4A1.2(f).

The Eleventh Circuit has applied these provisions to arrests that resulted in adjudications that were withheld. "Generally, 'sentences imposed wherein adjudication of guilt is withheld do not fall under the definition of section 4A1.2(a)(1)'

because no adjudication of guilt occurs." *United States v. Baptiste*, 876 F.3d 1057, 1062 (11th Cir. 2017), quoting *United States v. Rockman*, 993 F.2d 811, 813 (11th Cir. 1993). But where the defendant has pleaded guilty or nolo contendere to the offense where the state court withheld adjudication of guilt, "that prior offense constitutes a diversionary disposition for purposes of the Guidelines." *Baptiste*, 876 F.3d at 1062, citing *Rockman*, 993 F.2d at 814 and *United States v. Wright*, 862 F.3d 1265, 1280 (11th Cir. 2017).

In *Wright*, for example, the PSR stated that the defendant was arrested for marijuana possession and entered a nolo contendere plea. *Id.* The result of the proceeding was "[a]djudication withheld; fines and costs." *Id.* The court held that the arrest "involved a diversionary disposition resulting from a nolo contendere plea," and therefore "counts as a sentence under U.S.S.G. § 4A1.1(c) even though adjudication of guilt was withheld." *Id.* As a result, the district court "properly assigned one criminal history category point[.]" *Id.*

Here, too, Verdi-Bruno's PSR states that he was arrested for marijuana possession, and "[p]leaded *nolo contendere*, adjudication withheld, court costs." Doc. 234 at 14. Accordingly, as in *Wright*, he was properly assigned one criminal history category point. He is therefore ineligible for a retroactive sentence reduction under Amendment 821. His motion is due to be denied.

### III. Motion for Compassionate Release (Doc. 465)

Lastly, Verdi-Bruno moves for compassionate release. He argues that compassionate release is warranted because he faces detrimental conditions of confinement due to the COVID-19 pandemic. Doc. 465 at 2. He notes that he was born with ADHD and severe heart issues. *Id.* at 3. Verdi-Bruno further argues that the sentencing factors under 18 U.S.C. § 3553(a) support his motion, including his completion of numerous programs while he has been incarcerated, his stable release plan, and his remorse for his actions. *Id.* at 2-3.

The Government has responded in opposition. Doc. 507. It first argues that he has not exhausted his administrative remedies by seeking compassionate release from the BOP. *Id.* at 4-5. In addition, the Government contends that he has not established the existence of an extraordinary and compelling reason for release, because he does not meet the criteria for the "medical circumstances" reason, the existence of COVID-19 does not constitute such a reason, and rehabilitation alone is insufficient to grant release. *Id.* at 5-8. The Government also argues that the § 3553(a) factors do not support his release. *Id.* at 8-9.

In a brief reply, Verdi-Bruno asserts that he did exhaust his administrative remedies by asking the warden for release, and that the warden did not respond within 30 days. Doc. 498 at 1. He also clarifies that he is not asking the Court for release, but rather a reduction of his sentence in light of the maturity and positivity he has gained during the first portion of his sentence. *Id.* at 2.

A district court is permitted to grant compassionate release if the following conditions are met:

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; […]

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, § 1B1.13(b) lists the following extraordinary and compelling reasons:

(1) Medical circumstances
(2) Age
(3) Family circumstances
(4) Victim of abuse
(5) Other reasons

11

(6) Unusually long sentence.

U.S.S.G. § 1B1.13(b).  The amended Guidelines define each of these reasons. *Id.*

If the Court finds that one of the circumstances listed in 18 U.S.C. § 3582(c)(1)(A) or § 2582(c)(2) is present, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[3] *See* § 3582(c)(1)(A); *but see United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

As a threshold matter, the Court will address the exhaustion of administrative remedies.  Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218,

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

1223 (M.D. Fla. 2020) (emphasis in original), quoting 18 U.S.C. § 3582(c)(1)(A). Here, Verdi-Bruno alleges that he properly exhausted his administrative remedies because he requested compassionate release from the warden of his facility and did not receive a response within 30 days. The Government has provided a document indicating the BOP has no record of his request, Doc. 507-4, and the Court did not receive the documentation Verdi-Bruno states he included with his motion. Nonetheless, the Court will take Verdi-Bruno's report as true and go on to address the merits of his motion.

Construed broadly considering his *pro se* status, Verdi-Bruno's arguments for compassionate release align most closely with the extraordinary and compelling reason of "medical circumstances." The Guidelines define this reason as follows:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is--
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being

13

>provided and without which the defendant is at risk of serious deterioration in health or death.
>
>(D) The defendant presents the following circumstances--
>(i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>(ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>(iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

Verdi-Bruno has not established that any of these specific conditions apply. His statement that he was "born with ADHD and severe heart issues" does not establish that he currently suffers from a serious condition or impairment, a terminal illness, or a condition that requires specialized care that he is not receiving. Nor has he established that the COVID-19 pandemic or the recent deaths by suicide at his facility justify his release. Although the Court acknowledges that COVID-19 remains in our society, and that a carceral setting can present a heightened risk of transmission, Verdi-Bruno has not established that there is an "ongoing outbreak" of COVID-19 or a current public health emergency.[4] Likewise, while the Court recognizes that Verdi-Bruno may be emotionally impacted by the recent deaths at his facility, and it sympathizes with that circumstance, it does not find that this constitutes a public

---

[4] The COVID-19 federal Public Health Emergency expired in May 2023. *See* Dep't of Health and Human Svcs., "COVID-19 Public Health Emergency," https://tinyurl.com/46da9xfx.

health crisis or other extraordinary and compelling reason that warrants his release or a reduction in his sentence.

Because Verdi-Bruno has not established an extraordinary and compelling reason, the Court need not analyze the § 3553(a) factors. *See Giron*, 15 F.4th at 1347-48. Nonetheless, it commends him for his completion of programming and the positive progress he has made in just a short time. The Court encourages Verdi-Bruno to continue taking advantage of the opportunities for rehabilitation and to maintain his connections with his supportive family members.

The motion for compassionate release is due to be denied.

Accordingly, it is **ORDERED**:

1. The motion to correct clerical mistake (Doc. 514) is denied for lack of jurisdiction.

2. The motion to set aside judgment (Doc. 541) is denied, without prejudice to Verdi-Bruno filing a motion for leave to amend his § 2255 petition in Civil Action No. 8:24-cv-2441-CEH-LSG, within thirty (30) days from the date of this Order.

3. The motions to compel (Docs. 535, 539) are denied.

4. The motion to expedite judgment (Doc. 547) is found as moot.

5. The motion for sentence reduction pursuant to Amendment 821 (Doc. 337) is denied.

6. The motion for compassionate release (Doc. 465) is denied.

**DONE AND ORDERED** in Tampa, Florida on January 29, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Edward Verdi-Bruno