UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                      CASE NO: 8:22-cr-347-CEH-LSG

EDWARD VERDI-BRUNO
_____/

**ORDER**

This matter comes before the Court on Defendant Edward Verdi-Bruno's Motion to Alter or Amend Erroneous Order. Doc. 551. In the motion, Verdi-Bruno requests that the Court reconsider its prior order. The Government has filed a response in opposition, and Verdi-Bruno has replied. Docs. 566, 567. Having considered the motion and being fully advised in the premises, the Court finds that it is due to be denied.

**DISCUSSION**

Verdi-Bruno was sentenced to 262 months of imprisonment on June 29, 2023, following his guilty plea to conspiracy to possess with intent to distribute fentanyl and related charges. Doc. 248. His sentence was affirmed on direct appeal. Docs. 497, 534. He is currently serving his term of incarceration at F.C.I. Coleman.

On January 29, 2025, the Court issued an order ("the January 29 Order") that addressed several motions Verdi-Bruno had filed *pro se*. Doc. 549. Verdi-Bruno's current motion seeks reconsideration of two of those rulings. Doc. 551.

First, Verdi-Bruno moved to set aside his conviction based on "fraud on the court," citing Fed. R. Civ. P. 60(d)(3). Doc. 541. He alleged that his attorney forged his signature on a form that indicated he consented to the magistrate judge conducting a change of plea proceeding; he argues the forgery divested the Court of jurisdiction to impose the judgment and sentence. *Id.* The January 29 Order concluded that Verdi-Bruno's motion amounted to a collateral attack on his conviction that is only available under 28 U.S.C. § 2255. Doc. 549 at 4. Because Verdi-Bruno had already filed a petition under § 2255 that remains pending, the Court advised him to file a motion for leave to amend his § 2255 petition to raise the issue. *Id.* at 5. The Court, therefore, denied the motion to set aside the conviction without prejudice to Verdi-Bruno moving to amend the § 2255 petition within 30 days. *Id.* at 15.

Instead, Verdi-Bruno filed a motion to alter the January 29 Order pursuant to Fed. R. Civ. P. 59(e).[1] Doc. 551.[2] He argues that he is not required to raise his claim of fraud on the court in a collateral proceeding, because his claim asserts that the conviction itself is void, as the Court lacked jurisdiction. *Id.* at 2-3.

Verdi-Bruno's arguments provide no basis for alteration or reconsideration of the January 29 Order. First, a motion under Federal Rule of Civil Procedure 60 cannot

---

[1] The January 29 Order advised Verdi-Bruno that the Federal Rules of Civil Procedure do not apply to this criminal action, but went on to review the substance of the relief he sought in light of his *pro se* status. Doc. 549 at 2-3. This order will do the same.

[2] Verdi-Bruno also filed a motion in the § 2255 proceeding that sought to amend his § 2255 petition to add a *different* claim. *See Verdi-Bruno v. United States of America*, No. 8:24-cv-2441-CEH-LSG, dkt. 9 (February 12, 2025). The motion to amend does not refer to the claim of alleged fraud on the court.

2

be used in a criminal case to attack an alleged deficiency in a criminal judgment. As the Eleventh Circuit stated plainly in *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998), "Rule 60(b) simply does not provide for relief from judgment in a criminal case," because the Federal Rules of Civil Procedure "unambiguously" limit their application to civil cases. *See also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) (same). The Eleventh Circuit has applied this principle to Rule 60(d)(3) motions as well. *See, e.g.*, *United States v. Rivera*, No. 20-11628, 2024 WL 983122, *5 (11th Cir. March 7, 2024) (Rule 60(d)(3) does not apply in criminal cases and cannot provide authority for vacating a conviction); *United States v. Ford*, 677 F. App'x 628 (11th Cir. 2017) (district court did not abuse its discretion in denying defendant's Rule 60(d)(3) motion that sought to set aside a criminal conviction based on alleged fraud on the court).

As the Court indicated in the January 29 Order, Verdi-Bruno's allegation of fraud on the court during his plea is cognizable only as a collateral attack on his conviction under 28 U.S.C. § 2255. In *Rivera*, the court observed that § 2255 provides the statutory basis for the relief the defendant sought in his Rule 60(d)(3) motion, which alleged fraud on the court during his criminal conviction. 2024 WL 983122 at *6. Because the defendant had already filed an unsuccessful § 2255 petition, his Rule 60(d)(3) motion, if construed as a § 2255 petition, would qualify as a second or successive petition that was jurisdictionally barred. *Id.* Accordingly, the Eleventh Circuit found that the district court lacked subject matter jurisdiction over the Rule 60(d)(3) motion and was not empowered to rule on the merits. *Id.*; *see also Gonzalez v.*

3

*Crosby*, 545 U.S. 524, 531-32 (2005) (if a Rule 60(b) motion seeks to add a new ground for relief from the underlying judgment of conviction, the court should construe it as a second or successive habeas petition);[3] *Cano v. United States*, 796 F. App'x 647, 649 (11th Cir. 2019) (defendant's Rule 60(d)(3) motion that "attacks the merits of his underlying conviction and sentence by alleging fraud by those involved in his trial" was properly construed as a successive petition under § 2255).

Therefore, contrary to Verdi-Bruno's arguments, the Court cannot address a Rule 60(d)(3) claim about his criminal case. Instead, it provided Verdi-Bruno the opportunity to raise his claim in the proper forum by seeking leave to amend his pending § 2255 petition. He declined to do so. There is no basis to reconsider the January 29 Order.

Next, Verdi-Bruno seeks reconsideration of the January 29 Order's denial of his Motion to Correct Clerical Mistake (Doc. 514). The motion argued that the Office of Probation made "clerical errors" in Verdi-Bruno's PSR that resulted in a higher Guidelines sentencing range. *Id.* Specifically, he challenged the classification of a prior arrest in his criminal history and a two-level enhancement for the importation of a controlled substance under U.S.S.G. § 2D1.1(b)(16)(C). *Id.*

The January 29 Order observed that Verdi-Bruno had waived his right to object to his Guidelines calculation by failing to do so at sentencing or on direct appeal. Doc.

---

[3] In contrast, the *Gonzalez* court held that if a Rule 60 motion alleges that fraud on the court occurred during a *habeas* proceeding—which is a civil action—rather than during the criminal proceeding, it may be heard under Rule 60 without being construed as a second or successive habeas petition. 545 U.S. at 532 n.5.

549 at 4-5.[4] Moreover, a court's ability to correct clerical errors in a judgment under Fed. R. Crim. P. 36 does not permit it to make "substantive alterations to a criminal sentence." *Id.* at 3-4. The Court therefore concluded that it lacked jurisdiction to grant Verdi-Bruno's motion. *Id.* at 5.

In his motion to alter judgment, Verdi-Bruno takes issue with the Court's determination that he seeks a substantive alteration to his sentence. Doc. 551 at 4. He characterizes a substantive alteration as one that attacks "the substance, the facts, the evidence, the matter that resulted of [sic] him being sentenced to a certain guideline," while the changes he requests are straightforward corrections or omissions. *Id.* However, the caselaw does not support his characterization. In *United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004), the court defined a "clerical error" within the meaning of Fed. R. Crim. P. 36 as one that is "minor and mechanical in nature" and that does not "fundamentally alter [the defendant's] sentence."[5] But, as the January 29 Order explained, the changes Verdi-Bruno seeks could result in a change to the length of his sentence. Doc. 549 at 3-4; *see United States v. Carrie*, 572 F. App'x 804, 807

---

[4] Verdi-Bruno's motion for leave to amend his § 2255 petition seeks to add a claim of ineffective assistance of counsel against his trial attorney for failing to object to the PSR on these grounds. *See Verdi-Bruno v. United States of America*, No. 8:24-cv-2441-CEH-LSG, dkt. 9 (February 12, 2025).

[5] *Compare, e.g., Portillo*, 363 F.3d at 1165 (modification of judgment to order the defendant to pay restitution to six individuals, where the total amount of restitution the defendant owed did not change, could be made under Rule 36 because it was not a substantive alteration), *with United States v. Pease*, 331 F.3d 809, 816 (11th Cir. 2003) (the addition of an order of forfeiture to the judgment was a substantive alteration to the sentence that was not permitted under Rule 36) (superseded by rule on other grounds as stated in *United States v. Cano*, 558 F. App'x 936, 940 (11th Cir. 2014)).

(11th Cir. 2014), citing *United States v. Whittington*, 918 F.2d 149, 151 (11th Cir. 1990) (Rule 36 cannot be used to alter the length of a sentence, even to conform the sentence to the plea agreement). Accordingly, they are substantive alterations that cannot be addressed under Rule 36.

Verdi-Bruno's motion to alter the January 29 Order is due to be denied. It is **ORDERED**:

1. Defendant's Motion to Alter or Amend Erroneous Order (Doc. 551) is DENIED.

**DONE AND ORDERED** in Tampa, Florida on September 26, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties